JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Plaintiff-appellee Capital Tool Company ("Capital") filed an action against defendant-appellant Great Lakes Tooling, Inc. ("Great Lakes") for an outstanding balance on its account. Great Lakes filed an answer and counterclaim for breach of contract and breach of warranty. Before trial, the trial court dismissed Great Lakes' counterclaim for lack of standing. The trial court entered a judgment in favor of Capital. Finding no merit to the appeal, we affirm.
 {¶ 3} Capital sued Great Lakes for $104,832, plus interest, on an account. The account arose from a course of dealing between Capital and Great Lakes, during which Capital supplied equipment and services to Great Lakes, and Great Lakes paid some invoices and not others. Prior to trial, Great Lakes paid all amounts due except $36,000 and interest.
 {¶ 4} In 2001, Capital made a piece of equipment known as a trim die for Great Lakes, who resold it to a third party, Magnesium Aluminum. Great Lakes argued breach of contract and breach of warranty, alleging that the trim die was defective. Great Lakes had previously paid $36,000 for the trim die but now was withholding said amount from other transactions. The trial court dismissed the counterclaim because Great Lakes was not the proper party to assert the claim and the proper party was not part of the lawsuit. The journal entry simply stated that the counterclaim is dismissed.
 {¶ 5} Great Lakes admitted to the account balance of $36,000, the cost of the trim die, and admitted that Great Lakes did not suffer any out-of-pocket losses from the alleged defective trim die. Further, Great Lakes admitted that Magnesium Aluminum has not pursued a claim against Great Lakes.
 {¶ 6} The trial court found in favor of Capital and ordered Great Lakes to pay $36,000, plus interest. Great Lakes appeals, advancing one assignment of error for our review.
 {¶ 7} "I. The trial court committed prejudicial error in dismissing defendant's affirmative defenses and the counterclaim at the beginning of trial."
 {¶ 8} Great Lakes counterclaimed for breach of contract and breach of warranty, alleging that the trim die was defective. The record reveals that there was a discussion in chambers that resulted in the trial court dismissing the counterclaim, but not Great Lakes' affirmative defenses; however, it appears from the record that the trial court did not want any testimony regarding the defective trim die, which was the basis of Great Lakes' affirmative defenses.
 {¶ 9} In order to recover upon a breach of contract claim, a plaintiff must prove "`the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff.'" Nilavarv. Osborn (2000), 137 Ohio App.3d 469, 483, quoting Doner v. Snapp
(1994), 98 Ohio App.3d 597, 600. Generally, a breach of warranty claim requires a defect in the product and injuries resulting therefrom.
 {¶ 10} "Standing requires demonstration of a concrete injury in fact, rather than an abstract or suspected injury. Demonstration of injury in fact is limited to those situations where an individual can show he has suffered or will suffer a specific injury, even if slight, from the challenged action or inaction, and that this injury is likely to be redressed if the court invalidates the action or inaction." Swartz v.Price (Jan. 26, 1996), Lucas App. No. L-95-120, quoting State, ex rel.Consumers League of Ohio v. Ratchford (1982), 8 Ohio App.3d 420, 424.
 {¶ 11} Great Lakes conceded that it did not suffer any damages as a result of the defective trim die and further was not being sued by Magnesium Aluminum. Therefore, it was proper for the trial court to dismiss the counterclaim because Great Lakes conceded that it did not suffer any damages. See Swartz, supra, (upholding a trial court's sua sponte dismissal of complaint when appellant lacked standing to sue).
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Rocco, J., concur.